IN RE: Henry W. JARUSIK and
Kathleen M. Brady,
Appellants.

No. 15-3262

United States Court of Appeals,
Third Circuit.

Submitted on Motion for Summary Affir-
mance Pursuant to Third Circuit LAR
27.4 and I.O.P. 10.6 May 26, 2016

(Opinion filed: June 10, 2016)

Henry W. Jarusik, Lincoln University,
PA, Pro Se.

Kathleen M. Brady, Lincoln University,
PA, Pro Se.

Jack K. Miller, Esq., William C. Miller,
Esq., Philadelphia, PA, for Trustee–Appel-
lee.

Before: FUENTES, KRAUSE, and
SCIRICA, Circuit Judges

OPINION *

PER CURIAM

Pro se appellants Henry W. Jarusik and
Kathleen M. Brady ("Appellants") appeal
from the District Court's dismissal of their
appeal from an order entered in the Unit-

ed States Bankruptcy Court. Because the
appeal presents no substantial question,
we will grant Trustee William C. Miller's
("Trustee") motion to summarily affirm
the District Court's order.

In July 2012, Appellants filed a bank-
ruptcy petition in the United States Bank-
ruptcy Court for the Eastern District of
Pennsylvania. Upon the Trustee's motion,
the Bankruptcy Court entered an order
dismissing the case on September 23,
2014.[1] On March 18, 2015, Appellants filed
in the District Court a motion seeking
reconsideration of the Bankruptcy Court's
September 23, 2014 dismissal order. The
District Court construed Appellants' mo-
tion for reconsideration as a notice of ap-
peal from the Bankruptcy Court's Sep-
tember 23, 2014 order. Upon review of
Appellants' filing, the District Court de-
termined that the appeal was untimely un-
der Federal Rule of Bankruptcy Proce-
dure 8002(a), and dismissed the appeal for
lack of subject matter jurisdiction.

Appellants timely appealed to this
Court, and the Trustee has filed a motion
for summary affirmance, which Appellants
have not opposed.[2]

We have jurisdiction to review the Dis-
trict Court's final decision pursuant to 28
U.S.C. § 158(d)(1).[3] We exercise de novo
review over the question of subject matter
jurisdiction. Great W. Mining & Mineral
Co. v. Fox Rothschild LLP, 615 F.3d 159,
163 (3d. Cir. 2010).

As an initial matter, we agree with the
District Court's decision to characterize
Appellants' motion for reconsideration as a
notice of appeal. Appellants filed their mo-
tion directly in the District Court and re-

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. The Bankruptcy Court's order also barred
Appellants from filing another bankruptcy pe-
tition for a period of one year.

2. We have, however, considered the argu-
ments presented by Appellants in their infor-
mal brief.

3. We earlier denied Appellants' emergency re-
quest to stay the sale of their property, which
was scheduled for March 17, 2016.

quested that the District Court vacate the decision of the Bankruptcy Court and remand the case for further proceedings. Thus, because Appellants were clearly seeking to appeal the Bankruptcy Court's final order (rather than requesting that the Bankruptcy Court reconsider its own order), the District Court properly construed Appellants' filing as notice of appeal. Indeed, Appellants do not take issue with the District Court's characterization of their filing.

Upon review of the record, we conclude that the District Court properly determined that it did not have jurisdiction over Appellants' appeal from the order of the Bankruptcy Court. Appeals from bankruptcy courts must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002(a)(1) states that a notice of appeal must be filed within 14 days of the entry of a bankruptcy court's order. We have held that this 14-day time limit is mandatory and jurisdictional. In re Caterbone, 640 F.3d 108, 110, 113 (3d Cir. 2011).

In this case, the Bankruptcy Court entered its order dismissing Appellants' bankruptcy case on September 23, 2014. Accordingly, under Rule 8002(a)(1), Appellants' notice of appeal was due by October 7, 2014. Appellants filed their appeal almost six months later, on March 18, 2015. Appellants also did not request an extension of time to appeal. See Fed. R. Bankr. P. 8002(c). Thus, as the District Court determined, Appellants' notice of appeal was untimely and it lacked jurisdiction to review the Bankruptcy Court's order. See In re Caterbone, 640 F.3d at 110; S'holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). Accordingly, we will affirm the District Court's August 27, 2015 order.